Citation Nr: 1761237 
Decision Date: 12/29/17 Archive Date: 01/02/18

DOCKET NO. 14-28 600A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for a back disability with nerve damage. 

2. Entitlement to service connection for depression with alcohol dependence, claimed as secondary to the back disability.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Appellant




ATTORNEY FOR THE BOARD

R.M.K., Counsel


INTRODUCTION

The Veteran served on active duty in the Marine Corps from September 9, 1976, to November 22, 1976.

These matters come to the Board of Veterans' Appeals (Board) on appeal from an October 2013 decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Boston, Massachusetts. 

Jurisdiction was subsequently transferred to the RO in St. Petersburg, Florida.

The Veteran testified before the undersigned during a July 2017 travel Board hearing. A copy of the transcript is associated with the record. 

During the hearing, the undersigned advanced this appeal on the Board's docket pursuant to 38 U.S.C.A. § 7107 (a) (2) (West 2014) and 38 C.F.R. § 20.900 (c) (2017). 

When this case was previously before the Board in September 2017, it was decided in part and remanded in part for additional evidentiary development. It has since been returned to the Board for further appellate action.

This appeal was processed using the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing systems. Accordingly, any future consideration of this appellant's case should take into consideration the existence of these electronic records. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

The Board is of the opinion that additional development is required before the Veteran's claims on appeal are decided. 

The Veteran contends, and testified before the undersigned, that service connection is warranted for his back disability as it was aggravated by service. That is, the Veteran acknowledged that he was in a motor vehicle accident (MVA) approximately eight weeks prior to military service. Moreover, the Veteran has indicated that his claimed depression with alcohol abuse is secondary to his medical discharge from service due to his back disability. 

In the September 2017 remand, the Board found that the Veteran should be afforded an examination to address the nature and etiology of his claimed back disability, to include whether a back disability clearly and unmistakably pre-existed the Veteran's active service and clearly and unmistakably underwent no permanent increase in severity as a result of active duty. See McLendon v. Nicholson, 20 Vet. App. 79 (2006); Colvin v. Derwinski, 1 Vet. App. 171, 175 (1991) (When the medical evidence of record is insufficient, in the opinion of the Board, or of doubtful weight or credibility, the Board must supplement the record by seeking an advisory opinion, ordering a medical examination, or citing recognized medical treatises that clearly support its ultimate conclusions.).

In response to the remand, the Veteran was scheduled for examinations in October 2017; however, he failed to report for his scheduled examinations.

In correspondence received from the Veteran's representative in November 2017, it was requested that VA order a new VA examination as the Veteran missed his examination through no fault of his own as he was homeless, unable to get transportation to the examination location, and lost the phone number to call and reschedule.

Under 38 C.F.R. § 3.326 (a) (2017), individuals for whom examinations have been authorized and scheduled are required to report for such examinations, and when entitlement to a benefit cannot be established or confirmed without a current VA examination and a claimant, without "good cause," fails to report for such examination scheduled in conjunction with a claim for increase, the claim shall be denied.

In this case, given the November 2017 statement, the Board finds that the Veteran has provided "good cause" for not attending the scheduled examinations. Thus, on remand the Veteran is to be afforded another opportunity to report for a VA examination. 

The Veteran is reminded, however, that the "duty to assist is not always a one-way street," and he is obliged to cooperate in the development of the pending claim. Wood v. Derwinski, 1 Vet. App. 190, 193 (1991). Should the Veteran, without good cause, fail to report for an examination scheduled in conjunction with this matter, the claim shall be rated based on the evidence of record. See 38 C.F.R. § 3.655 (a), (b) (2017).

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. The Veteran should be afforded a VA examination by an examiner with appropriate expertise to determine if his back disability is related to his service. The electronic claims file must be provided to and reviewed by the examiner. Any indicated studies should be performed.

Based on the examination results and a complete review of the electronic claims file, the examiner should address the following: 

a.) diagnose any back disability the Veteran has had at any point during the appeal period. 

b.) opine as to whether there is a 50 percent or better probability that the Veteran's back disability was present during active service. 

c.) if the examiner is of the opinion that a back disability was present during service, the examiner should provide an opinion as to whether the back disability clearly and unmistakably existed prior to service and clearly and unmistakably underwent no permanent increase in severity as a result of active duty.

d.) if the examiner is of the opinion that a back disability was not present during service, the examiner should provide an opinion as to whether there is a 50 percent or better probability that the back disability is etiologically related to the Veteran's active service.

The examiner is asked to address the July 2017 opinion from Dr. B.K.

A complete rationale for all opinions expressed must be provided.

2. If, and only if, it is determined that the Veteran's back disability is related to his military service or was present during active service and clearly and unmistakably underwent a permanent increase in severity as a result of active duty, afford the Veteran a VA examination by an examiner with appropriate expertise to address the etiology of any acquired psychiatric disorder diagnosed during the pendency of this appeal. The electronic claims file must be provided to and reviewed by the examiner. Any indicated studies should be performed.

Based on the examination results and a complete review of the electronic claims file, the examiner should address the following: 

a.) diagnose any acquired psychiatric disorder the Veteran has had at any point during the appeal period. 

b.) opine as to whether there is a 50 percent or better probability that the acquired psychiatric disorder is etiologically related to the Veteran's active service.

c.) if any acquired psychiatric disorder is not related to service, the examiner is asked to provide an opinion as to whether there is a 50 percent or better probability that such disorder was caused by or aggravated (i.e., permanently worsened) beyond the natural progress by the Veteran's back disability. 

A complete rationale for all opinions expressed must be provided.

3. Upon completion of the examination(s) ordered above, review the examination reports to ensure that they address the questions presented. Any inadequacies should be addressed prior to recertification to the Board.

4. Thereafter, undertake any other development action that is deemed warranted and readjudicate the Veteran's claims on appeal, with application of all appropriate laws and regulations, including consideration of any additional information obtained as a result of this remand. If the decision with respect to the claims remains adverse to the Veteran, he should be furnished a supplemental statement of the case and afforded a reasonable period of time within which to respond.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
MICHAEL A. PAPPAS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).